IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:18-CR-160 |
| v. | Hon. Leonie M. Brinkema |
| KEISHA L. WILLIAMS, | Trial Date:  October 15, 2018 |
| Defendant. | |

## **GOVERNMENT'S SUBMISSION OF JOINT PROPOSED JURY INSTRUCTIONS**

Under Federal Rule of Criminal Procedure 30, and pursuant to the Court's Order dated

October 3, 2018, the parties have conferred and agreed on a full set of jury instruction, which the

government is filing on behalf of the parties.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Grace L. Hill
Jack Hanly
Assistant United States Attorneys
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700; Fax: (703) 299-3980
Email:  Grace.Hill@usdoj.gov
Email:  Jack.Hanly@usdoj.gov

1

Table of Contents

INSTRUCTION NO. 1 ................................................................................................................ 7

Introduction to the Final Charge – Province of the Court and of the Jury ................................ 7

INSTRUCTION NO. 2 ................................................................................................................ 9

Judging the Evidence .............................................................................................................. 9

INSTRUCTION NO. 3 .............................................................................................................. 10

Evidence Received in the Case–Stipulations, Judicial Notice & Inferences Permitted ....... 10

INSTRUCTION NO. 4 .............................................................................................................. 12

Direct and Circumstantial Evidence ..................................................................................... 12

INSTRUCTION NO. 5 .............................................................................................................. 13

Inferences from the Evidence ............................................................................................... 13

INSTRUCTION NO. 6 .............................................................................................................. 14

Evidence Admitted for a Limited Purpose Only .................................................................. 14

INSTRUCTION NO. 7 .............................................................................................................. 15

Jury's Recollection Controls ................................................................................................. 15

INSTRUCTION NO. 8 .............................................................................................................. 16

The Question Is Not Evidence .............................................................................................. 16

INSTRUCTION NO. 9 .............................................................................................................. 17

Credibility of Witnesses–Generally ..................................................................................... 17

INSTRUCTION NO. 10 ............................................................................................................ 19

Accomplice ........................................................................................................................... 19

INSTRUCTION NO. 11 ............................................................................................................ 20

Credibility of Witnesses – Inconsistent Statement ............................................................. 20

INSTRUCTION NO. 12 ............................................................................................................ 21

Conviction of a Felony .......................................................................................................... 21

INSTRUCTION NO. 13 ............................................................................................................ 22

Effect of the Defendant's Decision Not to Testify .............................................................. 22

INSTRUCTION NO. 14 ............................................................................................................ 23

Character Evidence – Reputation - Offered by the Defendant ............................................ 23

INSTRUCTION NO. 15 ............................................................................................................ 24

Consider Each Count Separately .......................................................................................... 24

INSTRUCTION NO. 16 ............................................................................................................ 25

Charts & Summaries Admitted into Evidence ...................................................................... 25

INSTRUCTION NO. 17 ................................................................................................................ 26

    Presumption of Innocence - Burden of Proof ........................................................................ 26

INSTRUCTION NO. 18 ................................................................................................................ 27

    Verdict as to Defendant Only ................................................................................................. 27

INSTRUCTION NO. 19 ................................................................................................................ 28

    Unanimity–Explained ............................................................................................................. 28

INSTRUCTION NO. 20 ................................................................................................................ 29

    Objections and Rulings ........................................................................................................... 29

INSTRUCTION NO. 21 ................................................................................................................ 30

    Court's Comments to Counsel ................................................................................................ 30

INSTRUCTION NO. 22 ................................................................................................................ 31

    Court's Questions to Witnesses .............................................................................................. 31

INSTRUCTION NO. 23 ................................................................................................................ 32

    Court's Comments on Certain Evidence ................................................................................ 32

INSTRUCTION NO. 24 ................................................................................................................ 33

    Opinion Evidence – The Expert Witness ............................................................................... 33

INSTRUCTION NO. 25 ................................................................................................................ 34

    The Indictment Is Not Evidence ............................................................................................ 34

INSTRUCTION NO. 26 ................................................................................................................ 35

    Consider Only the Offense Charged ...................................................................................... 35

INSTRUCTION NO. 27 ................................................................................................................ 36

    Disjunctive Proof – Explained ............................................................................................... 36

INSTRUCTION NO. 28 ................................................................................................................ 37

    "On or About" and "In and Around"–Explained ................................................................... 37

INSTRUCTION NO. 29 ................................................................................................................ 38

    The Nature of the Offense Charged – Counts One - Nine ..................................................... 38

    (Wire Fraud) ........................................................................................................................... 38

INSTRUCTION NO. 30 ................................................................................................................ 39

Statute Defining the Offenses Charged – Counts One - Nine ................................................... 39

INSTRUCTION NO. 31 ................................................................................................................ 40

    The Essential Elements of the Offense Charged – Counts One - Nine .................................. 40

    (Wire Fraud) ........................................................................................................................... 40

INSTRUCTION NO. 32 ................................................................................................................ 41

"Any Scheme or Artifice to Defraud" & "False or ........................................................ 41

Fraudulent Pretenses, Representations or Promises"—Defined ......................... 41

INSTRUCTION NO. 33 ............................................................................................. 43

"Materiality" Defined ............................................................................................. 43

INSTRUCTION NO. 34 ............................................................................................. 44

Intent to Defraud—Defined .................................................................................... 44

INSTRUCTION NO. 35 ............................................................................................... 45

Each Transmission by Wire Communication in ...................................................... 45

Interstate Commerce—Defined ............................................................................... 45

INSTRUCTION NO. 36 ............................................................................................... 46

"Transmits by means of Wire, Radio, or Television Communication in............................ 46

Interstate or Foreign Commerce" - Defined ....................................................... 46

INSTRUCTION NO. 37 ............................................................................................... 48

The Nature of the Offense Charged – Counts Ten - Thirteen............................... 48

(Financial Transactions in Illegal Proceeds) ....................................................... 48

INSTRUCTION NO. 38 ............................................................................................... 49

Statute Defining the Offenses Charged – Counts Ten - Thirteen ....................... 49

(Financial Transactions in Illegal Proceeds) .......................................................... 49

INSTRUCTION NO. 39 ............................................................................................... 50

The Essential Elements of the Offense Charged – Counts Ten - Thirteen ........... 50

(Financial Transactions in Illegal Proceeds)......................................................... 50

INSTRUCTION NO. 40 ......................................................................................... 51

Engaging in a Monetary Transaction ................................................................... 51

INSTRUCTION NO. 41 ............................................................................................... 52

"Criminally Derived Property" - Defined............................................................ 52

INSTRUCTION NO. 42 ............................................................................................... 53

Transactions Exceeding $10,000 ........................................................................... 53

INSTRUCTION NO. 43 ............................................................................................... 54

"Specified Unlawful Activity" - Defined ............................................................. 54

INSTRUCTION NO. 44 ............................................................................................... 55

Knowledge that Property Represents Proceeds of Specified Unlawful Activity.................. 55

INSTRUCTION NO. 45 ............................................................................................... 56

"Financial Institution" - Defined ........................................................................... 56

4

INSTRUCTION NO. 46 .................................................................................................. 57

    The nature of the offense charged – Count Fourteen........................................................ 57

    (Conspiracy to Impersonate a Federal Agent to Demand Money) ...................................... 57

INSTRUCTION NO. 47 .................................................................................................. 58

    The Statute Defining the Offense Charged – Count Fourteen............................................ 58

    (Conspiracy to Impersonate a Federal Agent to Demand Money) ...................................... 58

INSTRUCTION NO. 48 .................................................................................................. 59

    The Statute Defining the Object of the Conspiracy – Count Fourteen ................................ 59

    (Conspiracy to Impersonate a Federal Agent to Demand Money) ...................................... 59

INSTRUCTION NO. 49 .................................................................................................. 60

    The Essential Elements of the offense charged – Count Fourteen ...................................... 60

    (Conspiracy to Impersonate a Federal Agent to Demand Money) ...................................... 60

INSTRUCTION NO. 50 .................................................................................................. 61

    Relationship Between Substantive Offense and ............................................................. 61

    Conspiracy to Commit Offense ................................................................................... 61

INSTRUCTION NO. 51 .................................................................................................. 62

    Conspiracy - Existence of an Agreement....................................................................... 62

INSTRUCTION NO. 52 .................................................................................................. 64

    Conspiracy—Membership in Agreement ...................................................................... 64

INSTRUCTION NO. 53 .................................................................................................. 65

    Acts and Declarations of Co-Conspirators .................................................................... 65

INSTRUCTION NO. 54 .................................................................................................. 66

    "Overt Act"—Defined ............................................................................................... 66

INSTRUCTION NO. 55 .................................................................................................. 67

    Success of Conspiracy Immaterial............................................................................... 67

INSTRUCTION NO. 56 .................................................................................................. 68

    The Nature of the Offense Charged – Count Fifteen........................................................ 68

    (Obtaining Confidential Phone Records)....................................................................... 68

INSTRUCTION NO. 57 .................................................................................................. 69

    Statute Defining the Offenses Charged – Count Fifteen ................................................... 69

(Obtaining Confidential Phone Records) ............................................................................ 69

INSTRUCTION NO. 58 .................................................................................................. 70

    The Essential Elements of the Offense Charged – Fifteen ................................................ 70

(Obtaining Confidential Phone Records) ................................................................ 70

INSTRUCTION NO. 59 ......................................................................................... 71

    Telecommunications Carrier - Defined ............................................................. 71

INSTRUCTION NO. 60 ......................................................................................... 72

    Obtaining Confidential Phone Records – Aggravating Factor ........................... 72

INSTRUCTION NO. 61 ......................................................................................... 73

    Confidential Phone Records Information - Defined ........................................... 73

INSTRUCTION NO. 62 ......................................................................................... 74

    "Knowingly" - Explained .................................................................................. 74

INSTRUCTION NO. 63 ......................................................................................... 75

    "Willfully" -  Defined ........................................................................................ 75

INSTRUCTION NO. 64 ......................................................................................... 76

  Proof of Knowledge or Intent................................................................................ 76

  INSTRUCTION NO. 65 ......................................................................................... 77

    Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court.......................................................... 77

  INSTRUCTION NO. 66 ......................................................................................... 79

    Exhibits During Deliberations ............................................................................ 79

INSTRUCTION NO. 1

Introduction to the Final Charge – Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice–through trial by jury–depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §12:01 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 2

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:02 (6th ed. 2008, updated through Aug. 2018).

9

INSTRUCTION NO. 3

Evidence Received in the Case–Stipulations, Judicial Notice & Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses–regardless of who may have called them–all exhibits received in evidence–regardless of who may have produced them–all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.  Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.  You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been

proved such reasonable inferences as you feel are justified in the light of your experience and

common sense.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:03 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 4

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:04 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 5

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:05 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 6

Evidence Admitted for a Limited Purpose Only

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.  For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:09 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 7

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:07 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 8

The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:08 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 9

Credibility of Witnesses–Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge[*s*] beyond a reasonable doubt.

*[If appropriate],* The testimony of a defendant should be judged in the same manner as the testimony of any other witness.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:01 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 10

Accomplice

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

These individuals:  Arthur Robinson, Ruben Gresham, Nouhoum Daou may be considered to be an alleged accomplice in this case.

The fact that an alleged accomplice has entered a plea of guilty to a charged offense is not evidence of the guilt of any other person including the defendant.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:04 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 11

Credibility of Witnesses – Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:06 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 12

Conviction of a Felony

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:07 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 13

Effect of the Defendant's Decision Not to Testify

(If Appropriate)

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his or her privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:14 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 14

Character Evidence – Reputation - Offered by the Defendant

(If Applicable)

The defendant has offered evidence of her good general reputation for [truth and veracity] [honesty and integrity] [being a law-abiding citizen]. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:15 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 15

Consider Each Count Separately

A separate crime is charged in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find a defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:12 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 16

Charts & Summaries Admitted into Evidence

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:02 (6th ed. 2008, updated through Aug. 2018); *United States v. Blackwell*, 436 F. App'x 192, 198-200 (4th Cir. 2011) (noting that "Rule 1006 requires that the documents be made available to the opposing party for examination and copying at a reasonable time and place," but "the underlying evidence need not be introduced into evidence"); *accord United States v. Strissel*, 920 F.2d 1162, 1163-64 (4th Cir. 1990).

INSTRUCTION NO. 17

Presumption of Innocence - Burden of Proof

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, § 12:10 (6th ed. 2008, updated through Aug. 2018) (definition of "reasonable doubt" and "two-inference instruction" omitted to conform with Fourth Circuit law); *see United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *United States v. Reives*, 15 F.3d 42 (4th Cir. 1994); *United States v. Oriakhi*, 57 F.3d 1290, 1300-01 (4th Cir. 1995).

INSTRUCTION NO. 18

Verdict as to Defendant Only

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

1A O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 12:11 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 19

Unanimity–Explained

Each count of the indictment charges the defendant with a violation of federal law.  The indictment alleges a number of separate means or methods by which the defendant is accused of violating the law.

The government is not required to prove all of the means or methods alleged in each count of the indictment.

Each juror must agree with each of the other jurors, however, that the same means or methods alleged in each count of the indictment was, in fact, engaged in or employed by the defendant in committing the crime charged in each count of the indictment.  The jury need not unanimously agree on each means or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the defendant.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendant of the crime charged in the count of the indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:07 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 20

Objections and Rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:03 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 21

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:04 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 22

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter–not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:05 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 23

Court's Comments on Certain Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:06 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 24

Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own

opinions or their own conclusions about important questions in a trial. An exception to this rule

exists as to those persons who are described as "expert witnesses." An "expert witness" is

someone who, by education or by experience, may have become knowledgeable in some

technical, scientific, or very specialized area. If such knowledge or experience may be of

assistance to you in understanding some of the evidence or in determining a fact, an "expert

witness" in that area may state an opinion as to a matter in which he or she claims to be an

expert.

You should consider each expert opinion received in evidence in this case and give it

such weight, if any, as you may think it deserves. You should consider the testimony of expert

witnesses just as you consider other evidence in this case. If you should decide that the opinion

of an expert witness is not based upon sufficient education or experience, or if you should

conclude that the reasons given in support of the opinion are not sound, or if you should

conclude that the opinion is outweighed by other evidence *[including that of other "expert*

*witnesses"]*, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this

case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:01 (6th ed. 2008,
updated through Aug. 2018).

INSTRUCTION NO. 25

The Indictment Is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against her.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that she is guilty of the charges.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:04 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 26

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §12:09 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 27

Disjunctive Proof – Explained

The Court instructs the jury that although the indictment may charge a defendant with committing an offense in several ways, using conjunctive (i.e., "and") language, I instruct you that it is not necessary for the government to prove that the defendant did each of those things. It is sufficient if the government proves beyond a reasonable doubt that the defendant did any of these alternative acts as charged.

*United States v. Rhynes*, 206 F.3d 349, 384 (4th Cir. 1999) ("Where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive.  The district court, however, can instruct the jury in the disjunctive."); *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) ("[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive.").

INSTRUCTION NO. 28

"On or About" and "In and Around"–Explained

The Superseding Indictment charges that the offenses alleged in the Superseding Indictment were committed "on or about" or "at least on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Superseding indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:05 (6th ed. 2008, updated through Aug. 2018) (modified to add "in and around").

INSTRUCTION NO. 29

The Nature of the Offense Charged – Counts One, Three - Nine

(Wire Fraud)

Counts One and Three through Nine of the Superseding Indictment charge that on or about nine specific dates, within the Eastern District of Virginia and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud, and for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, the Defendant, KEISHA L. WILLIAMS, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce a writing, sign, signal, picture, and sound that either originated or terminated within the Eastern District of Virginia.

Adapted from the Superseding indictment; 18 U.S.C. §1343.

INSTRUCTION NO. 30

Statute Defining the Offenses Charged – Counts One, Three - Nine

Section 1343 of Title 18 of the United States Code provides, in relevant part, that:

> [w]hoever, having devised or intending to devise any scheme or artifice to
> defraud, or for obtaining money or property by means of false or fraudulent
> pretenses, representations, or promises, transmits or causes to be transmitted by
> means of wire, radio, or television communication in interstate or foreign
> commerce, any writings, signs, signals, pictures, or sounds for the purpose of
> executing such scheme or artifice

is guilty of a federal offense.

18 U.S.C. § 1343.

INSTRUCTION NO. 31

The Essential Elements of the Offense Charged – Counts One, Three – Nine
(Wire Fraud)

In order to sustain its burden of proof for wire fraud, government must prove the following

essential elements beyond a reasonable doubt:

One: That the defendant knowingly devised or knowingly participated in a scheme or artifice to defraud, or knowingly devised or knowingly participated in a scheme or artifice to obtain money or property by means of material false or fraudulent pretenses, representations, or promises, as detailed in Counts One through Nine of the indictment;

Two: That the scheme or artifice to defraud involved false pretenses, representation, or promises that were material;[1]

Three: That defendant did so with the intent to defraud; and

Four: That in advancing, or furthering, or carrying out this scheme to defraud, scheme or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the defendant  transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate or foreign commerce.

18 U.S.C. § 1343; 2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:07 (6th ed. 2008, updated through Aug. 2018).

---

[1] Last clause defining "material" is deleted in lieu of more complete definition of "material" in later separate instruction.

INSTRUCTION NO. 32

"Any Scheme or Artifice to Defraud" & "False or

Fraudulent Pretenses, Representations or Promises"—Defined

The phrase "any scheme or artifice to defraud", and "any scheme or artifice for obtaining

money or property" means any deliberate plan of action or course of conduct by which someone

intends to deceive or to cheat another or by which someone intends to deprive another of

something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement

or an assertion which concerns a material or important fact or a material or important aspect of

the matter in question and that was either known to be untrue at the time that it was made or

used, or that was made or used with reckless indifference as to whether it was, in fact, true or

false, and made or used with the intent to defraud.[2]

The term "false or fraudulent pretenses, representations, or promises" includes actual,

direct false statements as well as half-truths, and includes the knowing concealment of facts that

are material or important to the matter in question and that were made or used with the intent to

defraud.

A "scheme or artifice to defraud" includes a scheme to deprive another person of tangible

as well as intangible property rights. Intangible property rights means anything valued or

considered to be a source of wealth.

It is not necessary for the government to prove that the defendant was actually successful

in defrauding anyone, or was successful in obtaining money or property by means of false or

fraudulent pretenses, representations, or promises. It is not necessary for the government to prove

---

[2] Last sentence of paragraph 2 in form instruction deleted.  It is an incomplete definition of "material."  The next instruction is complete.

that anyone lost any money or property as a result of the scheme or plan to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

An unsuccessful scheme or plan to defraud, and scheme or plan to obtain money by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful.

2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:13 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 33

"Materiality" Defined

A statement or representation is "material" if it has a natural tendency to influence *or* is capable of influencing a decision or action of a person who is asked to provide money.

A statement or representation is "material" only if it would likely influence, or be capable of influencing either:

1. a reasonable person, or

2. the recipient of the statement or representation who the defendant knew would attach importance to the information contained in the presentation or statement when deciding whether to provide money.

To be "material" it is not necessary that the statement or representation, in fact, influence or deceive.

2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 16:11 (6th ed. 2008, updated through Aug. 2018) (modified to describe target by completing blank space in form instruction); *Neder v. United States*, 527 U.S. 1, 3 (1997); *Universal Health Services, Inc. v. United States, et al.*, __ U.S. __, 136 S.Ct. 1989, 2002 (2016) (language supporting subparagraph 2 above); and *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) ( "If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright.").

INSTRUCTION NO. 34

Intent to Defraud—Defined

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:14 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 35

Each Transmission by Wire Communication in

Interstate Commerce—Defined

Each transmission by wire, radio, or television communication in interstate commerce to

advance, or to further, or to carry out the scheme or plan to defraud, and the scheme or plan to

obtain money or property by means of false or fraudulent pretenses, representations, or promises

may be a separate violation of the wire fraud statute.

2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions*
§ 47:15 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 36

"Transmits by means of Wire, Radio, or Television Communication in

Interstate or Foreign Commerce" - Defined

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone, the internet, radio or television.[3]

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" includes a telephone conversation by a person in one state with a person in another state.

The use of a wire, radio, or television communication facility in interstate commerce is an essential element of the offense of wire fraud as charged in Counts One through Nine of the indictment. The government need not prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

The government must prove beyond a reasonable doubt, however, that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises. The government must also prove that the use of the wire, radio, or television communication in

---

[3] First paragraph modified to include internet. *United States v. Seko*, 2016 WL 1586557, at *3 (E.D. Va. 2016) (signals sent in interstate or foreign commerce via the internet are wire transmissions under the wire fraud statute).

interstate commerce would follow in the ordinary course of business or events or that the use of the wire, radio, or television communication facility in interstate commerce by someone was reasonably foreseeable.

It is not necessary for the government to prove that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:08 (6th ed. 2008 updated through Aug. 2018).

INSTRUCTION NO. 37

The Nature of the Offense Charged – Counts Ten - Thirteen

(Financial Transactions in Illegal Proceeds)

Counts Ten through Thirteen of the Superseding Indictment charge that on or about specific dates, within the Eastern District of Virginia, which is in the United States, the Defendant, KEISHA L. WILLIAMS, knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity; namely, WILLIAMS purchased cashier's checks at financial institutions in amounts exceeding $10,000 each with the proceeds of the wire fraud scheme alleged in Counts One through Nine of this Indictment.

Adapted from the Superseding indictment; 18 U.S.C. §1957.

INSTRUCTION NO. 38

Statute Defining the Offenses Charged – Counts Ten - Thirteen

(Financial Transactions in Illegal Proceeds)

Section 1957 of Title 18 of the United States Code provides, in relevant part, that:

> [w]hoever, … knowingly engages or attempts to engage in a monetary transaction
> in criminally derived property of a value greater than $10,000 [that] is derived
> from specified unlawful activity [is guilty of a federal offense] if the offense takes
> place in the United States….

18 U.S.C. §18 U.S.C. § 1957(a) and (d)(1).

INSTRUCTION NO. 39

The Essential Elements of the Offense Charged – Counts Ten - Thirteen

(Financial Transactions in Illegal Proceeds)

In order to sustain its burden of proof to prove the crime of engaging in monetary transactions in property derived from specified unlawful activity, the government must prove the following essential elements beyond a reasonable doubt:

One:   That the defendant engaged and attempted to engage in a monetary transaction in or affecting interstate commerce;

Two:   That the monetary transaction involved criminally derived property of a value greater than $10,000;

Three: That the property was derived from specified unlawful activity;

Four:   That the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense; and

Five:   That the transaction took place in the United States.

18 U.S.C. § 1957(a) and (d)(1); 3 Sand, et al., *Modern Federal Jury Instruction*s, Chapter 50A.06, Instruction 50A-25 (2018).

INSTRUCTION NO. 40

Engaging in a Monetary Transaction

A monetary transaction which had some effect on interstate or foreign commerce means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term includes any transaction that would be a financial transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means or involving one or more monetary instruments, or involving the transfer of title to any real property, vehicle, vessel, or aircraft, or a transaction involving the use of a financial institution which is engaged in, or the activities affect, interstate or foreign commerce in any way or degree.

"Affecting interstate commerce" means that the transaction affected commerce in any way or degree; a minimal effect is sufficient.

18 U.S.C. §§ 1957(f)(1); 1956(c)(4); *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 349-351 (Emily Deck Harrill, ed., 2018 Online Edition) (18 U.S.C. § 1957 – updated 07/01/14); *United States v. Aramony*, 88 F.3d 1369, 1386 (4th Cir. 1996) (proof of a *de minimis* effect on interstate commerce is an essential element).

INSTRUCTION NO. 41

"Criminally Derived Property" - Defined

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

18 U.S.C. §1957 (f)(2).

INSTRUCTION NO. 42

Transactions Exceeding $10,000

A transaction in criminally derived property with a value greater than $10,000 that was in fact derived from specified unlawful activity may violate Title 18, United States Code, Section 1957 even if not all of the money involved in the transaction constituted the proceeds of such criminal activity, so long as at least part of the money represented such proceeds.

Adapted from *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 349-351 (Emily Deck Harrill, ed. 2018 Online Edition)(18 U.S.C. § 1957 – updated 07/01/14).  *See also United States v. Wilkinson*, 137 F.3d 214, 222 (4th Cir. 1998) (en banc) ("[W]hen the funds used in a particular transaction originated from a single source of commingled, legally- and illegally-acquired funds, it may be presumed that the transacted funds, at least up to the full amount originally derived from crime, were the proceeds of the criminal activity.").

INSTRUCTION NO. 43

"Specified Unlawful Activity" - Defined

The term "specified unlawful activity" means any act or activity constituting an offense of wire fraud.

As previously instructed, you have been provided the elements of the offense of wire fraud.

18 U.S.C. §1956 (c)(7) and 1961(1); *see United States v. Cherry*, 330 F.3d 658, 668 (4th Cir. 2003)(elements of specified unlawful activity should be identified to jury).

INSTRUCTION NO. 44

Knowledge that Property Represents Proceeds of Specified Unlawful Activity

To find that the defendant knew that the property involved represented the proceeds of some form of specified unlawful activity, the government must show that the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constituted a felony under state or federal law.

Thus, the government need not prove that the defendant knew that the property involved in the financial transaction represented the proceeds of wire fraud, as alleged in Counts Ten through Thirteen.  The government need only prove that the defendant knew it represented the proceeds of some form, though not necessarily which form of felony under state or federal law.

"Proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

Adapted from *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 349-351 (Emily Deck Harrill, ed. 2018 Online Edition) (18 U.S.C. § 1957 – updated 07/01/14); 18 U.S.C. § 1956(c)(1), (c)(9); *United States v. Najjar*, 300 F.3d 466, 482 (4th Cir. 2002) (knowingly engage in an unlawful monetary transaction).

INSTRUCTION NO. 45

"Financial Institution" - Defined

The term "financial institution" includes an insured bank, a commercial bank or trust

company.

18 U.S.C. §1956 (c)(6); 31 U.S.C. §5312(a)(2)(A) and (B).

INSTRUCTION NO. 46

The nature of the offense charged – Count Fourteen

(Conspiracy to Impersonate a Federal Agent to Demand Money)

Count Fourteen of the Superseding Indictment charges that beginning on a date unknown to the grand jury, but from at least in or about March 2016 through at least in or about October 2017, the Defendant, KEISHA L. WILLIAMS, knowingly conspired with others to commit an offense against the United States, specifically falsely assuming and pretending to be an officer and employee acting under the authority of the United States and a department, agency and officer thereof, and acting as such, and in such pretended character knowingly demanding and obtaining money, paper, document, and thing of value, in violation of 18 U.S.C. § 912.

WILLIAMS and her co-conspirators, including but not limited to A.R., committed overt acts in the Eastern District of Virginia in furtherance of the conspiracy, including by sending and receiving text messages within the Eastern District of Virginia to discuss specific acts in furtherance of the impersonation scheme.  In one such text message, sent by WILLIAMS from within the Eastern District of Virginia to A.R. on or around June 7, 2016, WILLIAMS instructed A.R. to identify himself to one of the victims of the impersonation as "Special Agent Robsinson [sic] with a US government intelligence agency" and to warn the victim that "[t]his is a matter of national security with both the US government and the European government."

Adapted from the Superseding indictment; 18 U.S.C. § 371; 2 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 31:03 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 47

The Statute Defining the Offense Charged – Count Fourteen

(Conspiracy to Impersonate a Federal Agent to Demand Money)

Section 371, of Title 18, of the United States Code provides, in part, that:

> If two or more persons conspire either to commit any offense against the United States, … or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy,

is guilty of a federal offense.

18 U.S.C. § 371.

INSTRUCTION NO. 48

The Statute Defining the Object of the Conspiracy – Count Fourteen

(Conspiracy to Impersonate a Federal Agent to Demand Money)

The offense alleged in Count Fourteen as an object of the conspiracy makes it a crime to

impersonate a federal agent to demand money, and provides that:

> [w]hoever falsely assumes or pretends to be an officer or employee acting under the
> authority of the United States or any department, agency or officer thereof, and acts as
> such, or in such pretended character demands or obtains any money, paper, document, or
> thing of value,

is guilty of a federal offense.

18 U.S.C. §912 (officer of employee of the United States).

INSTRUCTION NO. 49

The Essential Elements of the offense charged – Count Fourteen

(Conspiracy to Impersonate a Federal Agent to Demand Money)

In order to sustain its burden of proof for the conspiracy as charged in Count Fourteen of

the superseding indictment, the government must prove the following elements beyond a

reasonable doubt:

One:       The conspiracy, agreement, or understanding, to impersonate a federal
           agent to demand money, as described in the superseding indictment, was
           formed, reached, or entered into by two or more persons;

Two:       At some time during the existence or life of the conspiracy, agreement, or
           understanding, the defendant knew the purposes of the agreement;

Three:     With knowledge of the purposes of the conspiracy, agreement, or
           understanding, the defendant then deliberately joined the conspiracy,
           agreement, or understanding; and

Four:      At some time during the existence or life of the conspiracy, agreement, or
           understanding, one of its alleged members knowingly performed one of
           the overt acts charged in the superseding indictment and did so in order to
           further or advance the purpose of the agreement.

18 U.S.C. § 371; 2 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 31:03
(6th ed. 2008, updated through Aug. 2018) (Chapter 31 instructions address conspiracy to
commit an offense or to defraud the United States pursuant to 18 U.S.C. § 371); *United States v.
Tedder*, 801 F.2d 1437, 1445 (4th Cir. 1986).

INSTRUCTION NO. 50

Relationship Between Substantive Offense and

Conspiracy to Commit Offense

Under the law, participating in a conspiracy to commit a crime is an entirely separate and distinct charge from the actual violation of the substantive crime which may be the object of the conspiracy.  Therefore, all of the underlying elements of the substantive offense, which is the object of the charged conspiracy as charged in Count Fourteen of the superseding indictment need not be met in order for you to find that there was a conspiracy to commit that offense.  To find the defendant guilty of conspiracy to commit an offense, all that you must find is that there was an agreement to commit the offense, and that the defendant voluntarily joined the conspiracy with the knowledge of the conspiracy's unlawful aim.

*United States v. Martindale*, 790 F.2d 1129, 1134 (4th Cir. 1986) ("[T]he offense of conspiracy is a separate and distinct offense from the substantive offense or offenses and . . . one can be validly convicted under a conspiracy count even though acquitted of the substantive offense or offenses."); *Hanford v. United States*, 231 F. 2d 661, 662 (4th Cir. 1956) ("The agreement is punishable whether or not the contemplated crime is consummated.'").

INSTRUCTION NO. 51

Conspiracy - Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would commit or aid and abet an offense against the United States by means of some common plan or course of action as alleged in Count Fourteen of the superseding indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the superseding indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Superseding indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charge contained in Count Fourteen of the Superseding indictment.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:04 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 52

Conspiracy—Membership in Agreement

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in Count Fourteen of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that Defendant knowingly and deliberately entered into an agreement to commit conspiracy to impersonate a federal agent to demand money, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:05 (6th ed. 2008), updated through Aug. 2018).

INSTRUCTION NO. 53

Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count Fourteen of the superseding indictment to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count Fourteen against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:06 (6th ed. 2008), updated through Aug. 2018).

INSTRUCTION NO. 54

"Overt Act"—Defined

In order to sustain its burden of proof under Count Fourteen of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of that conspiracy and was done to somehow further one of the goals of that conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.  In order to find the defendant guilty, you must unanimously agree that the overt act alleged in Count Fourteen was committed.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:07 (6th ed. 2008 updated through Aug. 2018) (modified to be consistent with superseding indictment alleging a single overt act).

INSTRUCTION NO. 55

Success of Conspiracy Immaterial

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:08 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 56

The Nature of the Offense Charged – Count Fifteen

(Obtaining Confidential Phone Records)

Count Fifteen of the Superseding Indictment charges that on or about June 2, 2016, the

Defendant, KEISHA L. WILLIAMS, knowingly and intentionally purchased and received, and

attempted to purchase and receive, confidential phone records information of a covered entity,

namely T-Mobile, without prior authorization from A.B., the customer to whom such

confidential phone records information related, in interstate commerce.

Count Fifteen further charges that the Defendant, KEISHA L. WILLIAMS, committed

and attempted to commit this violation while violating another law of the United States, namely

while committing wire fraud and conspiracy to impersonate a federal agent to demand money,

and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

Adapted from the Superseding indictment; 18 U.S.C. § 1039 (c) and (d).

INSTRUCTION NO. 57

Statute Defining the Offenses Charged – Count Fifteen

(Obtaining Confidential Phone Records)

Section 1039(c), of Title 18, of the United States Code provides, in part:

[e]xcept as otherwise permitted by applicable law, whoever, in interstate or foreign commerce, knowingly and intentionally purchases or receives, or attempts to purchase or receive, confidential phone records information of a covered entity, without prior authorization from the customer to whom such confidential phone records information relates, …,

is guilty of a federal offense.

18 U.S.C. §1039 (c)(1).

INSTRUCTION NO. 58

The Essential Elements of the Offense Charged – Fifteen

(Obtaining Confidential Phone Records)

In order to sustain its burden of proof for the charge of unlawfully purchasing or obtaining confidential phone records, the government must prove the following essential elements beyond a reasonable doubt:

One:    The defendant knowingly and intentionally purchased or received, or attempted to purchase or receive, confidential phone records of a telecommunications carrier;

Two:    The defendant purchased or received the records, or attempted to do so, in interstate commerce;

Three:  The confidential phone records of the telecommunication carrier related to the carrier's customer; and

Four:    The defendant purchased or received the records, or attempted to do so, without the prior authorization of the customer.

18 U.S.C. § 1039(c)(1) and (h)(2)(A).

INSTRUCTION NO. 59

Telecommunications Carrier - Defined

A telecommunications carrier is an entity that provides telecommunication services to the public for a fee.

47 U.S.C. § 153; *Nat'l Assn. of Regulatory Utility Commissioners v. FCC, et al.*, 525 F.2d 630, 641 (D.C. Cir. 1976).

INSTRUCTION NO. 60

Obtaining Confidential Phone Records – Aggravating Factor

If you find the defendant guilty of having unlawfully purchased or obtained confidential telephone records, then you must determine whether she did so either:

1. while violating another law of the United States, in this case either wire fraud or conspiracy to impersonate a federal agent to demand money; or

2. as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

18 U.S.C. § 1039 (d).

INSTRUCTION NO. 61

Confidential Phone Records Information - Defined

The term "confidential phone records information" means information that-relates to the quantity, technical configuration, type, destination, location, or amount of use of a service offered by a telecommunications carrier, subscribed to by any customer of that carrier, and kept by or on behalf of that carrier solely by virtue of the relationship between that carrier and the customer.

18 U.S.C. § 1039(h)(1), except term "covered entity" replaced by "telecommunications carrier."
A "covered entity" includes a "telecommunications carrier." 18 U.S.C. § 1039(h)(2)(A).

INSTRUCTION NO. 62

"Knowingly" - Explained

A person acts "knowingly," as that term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

2A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 40:13 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 63

"Willfully" -  Defined

(Non-Tax Cases)

The term "willfully", as used in these instructions to describe the alleged state of mind of the defendant , means that she knowingly performed an act, deliberately and intentionally as contrasted with accidentally, carelessly, or unintentionally.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:05 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 64

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:07 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 65

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of
Verdict – Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges–judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the superseding indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

[The verdict or a summary can be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 20:01 (6th ed. 2008, updated through Aug. 2018).

INSTRUCTION NO. 66

Exhibits During Deliberations

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.

Derived from 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 20:04 (6th ed. 2008, updated through Aug. 2018) (modified to state exhibits are being provided to the jurors during deliberations).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2018, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF system, which will send a notification of that

electronic filling (NEF) of the foregoing to the following:

Robert Lee Jenkins , Jr.
Bynum & Jenkins PLLC
1010 Cameron Street
Alexandria, VA 22314
Email: rjenkins@bynumandjenkinslaw.com


G. Zachary Terwilliger
Acting United States Attorney

By:            /s/
Jack Hanly
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700; Fax: (703) 299-3980
Email:  Jack.Hanly@usdoj.gov