IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,        :
                                   :
      v.                        :        Case No.:  **1:18CR00160-001**
                                   :
KEISHA WILLIAMS,               :

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, KEISHA

WILLIAMS, comes now and submits the following:

**I.**       **Objections to Presentence Report**

       **A.**       **Acceptance of Responsibility USSG §  3E1.1**

U.S.S.G. § 3E1.1 permits the district court to decrease a defendant's offense level by two

"if the defendant clearly demonstrates acceptance of responsibility for his offense." In order to

receive reduction for acceptance of responsibility, "a defendant must prove by a preponderance

of the evidence that he has clearly recognized and affirmatively accepted `personal responsibility

for his criminal conduct.'" *United States v. Martinez*, 901 F.2d 374, 377 (4th Cir. 1990)).

The advisory guideline range calculated in the presentence investigative report does not

afford the defendant an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant objects to this denial.

The defendant entered pleas of guilty to each count of the superseding indictment.  By

doing so she demonstrated her acceptance of responsibility for her criminal conduct.   The

defendant submits an adjustment in her advisory guideline range should be adjusted by 2 levels

downward.

## II.     Sentencing Factors

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A

3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns

as well.  Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to
> comply with the purposes set forth in paragraph (2) of this subsection.  The court,
> in determining the particular sentence to be imposed, shall consider—
>
> (1)     the nature and circumstances of the offense and the history and
>          characteristics of the defendant;
> (2)     the need for the sentence imposed—
>          (A)     to reflect the seriousness of the offense, to promote respect
>                   for the law, and to provide just punishment for the offense;
>          (B)     to afford adequate deterrence to criminal conduct;
>          (C)     to protect the public from further crimes of the defendant;
>                   and
>          (D)     to provide the defendant with needed educational or
>                   vocational training, medical care, or other correctional
>                   treatment in the most effective manner;
> (3)     the kinds of sentences available;
> (4)     the kinds of sentence and the sentencing range established for—
>          (A)     the applicable category of offense committed by the
>                   applicable category of defendant as set forth in the
>                   guidelines issued by the Sentencing Commission pursuant to
>                   section 994(a)(1) of title 28, United States Code, and that are
>                   in effect on the date the defendant is sentenced; or
>          (B)     in the case of a violation of probation or supervised release,
>                   the applicable guidelines or policy statements issued by the
>                   Sentencing Commission pursuant to section 994(a)(3) of
>                   title 28, United States Code;
> (5)     any pertinent policy statement issued by the Sentencing
>          Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the
>          date the defendant is sentenced;
> (6)     the need to avoid unwarranted sentence disparities among
>          defendants with similar records who have been found guilty of
>          similar conduct; and
> (7)     the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory

sentencing guidelines as follows:

[A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

### A. Advisory Sentencing Guidelines

This Honorable Court must consider the advisory sentencing guidelines. Further, the district court must provide some individualized assessment "justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010). Under the law of this circuit a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017); *Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal citation and quotation marks omitted).

An individualized assessment requires "that district courts consider the defendant's non-frivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the

sentence chosen." *Id.* A "'sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority'" by articulating how the sentencing factors apply to the case before it. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Rita*, 551 U.S. at 356).

The defendant submits the appropriate guideline sentencing range is 188-235 months. The proper adjusted offense level is 36 and the defendant is a criminal history category I. For the reasons detailed below, the defendant submits a sentence within this range would result in a sentence which is greater than necessary. The defendant submits a sentence of 120 months would satisfy the legitimate sentencing goals of § 3553(a).

**B.  § 3553(a) Sentencing Factors**

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a). The defendant submits an application of these factors to the case at bar leads to the conclusion that a sentence within the recommended guideline range of 188-235 months would be far greater than necessary. Further in light of the defendant's history and characteristics, the nature and circumstances of the offense, need to deter, and the need to avoid unnecessary disparity between similarly situated defendants a sentence of 120 months would be appropriate.

**1.  History and Characteristic of The Defendant**

Ms. Williams is a highly educated woman. She possesses a bachelor, masters, and law degree. She is a criminal history category I. The defendant does not have a history of violence.

There is no history of substance abuse, or mental health issues.  There is simply no reason to believe she is a risk of reoffending.

As this Court is well familiar the need to address the rehabilitative needs of the defendant may impact the appropriate sentence.  Given the personal characteristics of this defendant there is no reason to impose a lengthy sentence to address these needs.

The need to incapacitate a defendant in order to protect society from potential violence being perpetrated is also a well recognized reason to support a longer sentence.  Again, there is no evidence to suggests this defendant has a history of violence.  Further, there is no reason to believe this defendant represents a threat of future violence.

The defendant submits her history and characteristics do not justify a sentence within the advisory guideline range.

### 2.   Nature and Circumstances of the Offense

The nature and circumstances of the offense for which Ms. Williams has entered guilty pleas are very familiar to this Honorable Court.  In essence, Ms. Williams along with her co-conspirators defrauded victims out of money.  This defendant did not perpetrate any acts or threats of violence.  No weapons were involved.   The defendant submits the non-violent nature of her offense conduct mitigates in favor of a lower sentence.

### 3.   Need to Deter

A sentence of 120 months would serve as a significant deterrence to both the defendant and others that would commit similar offenses.  A sentence of 120 months would be a significant sentence for a defendant facing her first period of incarceration.  It would also serve as a beacon to others that such conduct will not be tolerated.

### 4.   Need to Avoid Unwarranted Disparities

As noted above and detailed in the presentence report, the defendant did not perpetrate these offenses alone.  This Honorable Court is required to consider the treatment of similarly situated defendants when fashioning an appropriate sentence.  In the instant matter the defendant urges this Honorable Court to consider the sentences imposed on her co-conspirators in this matter.

The longest sentence imposed on any of the co-conspirators in this matter is the 3 months imposed on Ruben S. Gresham, Sr.  Co-conspirators Christian D'Andrade, Carla Donna McPhun, and Arthur Robinson all received probationary sentences.  While the defendant fully acknowledges her role in the offense distinguishes her from her co-conspirators she maintains that a sentence within the advisory guideline range was drastically overstate any distinction.

A sentence of 120 months would be far greater than the combined periods of incarceration imposed on her co-conspirators.  Again, while her co-conspirators clearly played less pivotal roles their participation nevertheless were significant.  Their roles, individually and collectively, aided the commission of these offenses.  Both Arthur Robinson and Ruben S. Gresham, Sr. committed assaultive behavior in order to further the goals of the conspiracy.  Both Christian D'Andrade and Carla Donna McPhun recruited investors into the scheme.  They are also responsibly for the financial damage caused by the conspiracy.  Ms. Williams sentence should reflect her greater role but yet still be proportional to the sentences imposed on her co-conspirators.

## III.   Conclusion

Wherefore, the defendant KEISHA WILLIAMS respectfully requests that this Honorable Court sentence her to a period of 120 months of incarceration.

Respectfully submitted,
**KEISHA WILLIAMS**
By Counsel


_____/s/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant **KEISHA WILLIAMS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2019, I caused a true and accurate copy of the foregoing was not served on all counsel of record via ECF.

_____/s/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant **KEISHA WILLIAMS**