IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
IN OPEN COURT

JAN 18 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:18-CR-160 |
| ) | |
| KEISHA L. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

CONSENT ORDER OF FORFEITURE

WHEREAS, on June 13, 2018, a Superseding Indictment was entered in this Court charging the Defendant, Keisha L. Williams, with wire fraud in violation of Title 18 United States Code, Section 1343 (Counts 1-9), financial transactions in illegal proceeds in violation of Title 18 United States Code, Section 1957 (Counts 10-13), conspiracy to impersonate a federal agent to demand money in violation of Title 18, United States Code, Section 371, and obtaining confidential phone records in violation of Title 18, United States Code, Section 1039(c) and (d);

WHEREAS, the Superseding Indictment included a Forfeiture Notice wherein the Defendant was notified that, if convicted of an offense alleged in Counts 1-9 of the Superseding Indictment, that the Defendant shall forfeit to the United States any property constituting or derived from proceeds of the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and if convicted of an offense alleged in Counts 10-13, shall forfeit any property involved in such offense, pursuant to 18 U.S.C. § 982(a)(1), including but not limited to a money judgment of at least $5,443,070 U.S. currency, and funds in certain Citibank and BB&T bank accounts, a vehicle, and miscellaneous watches and clothing;

WHEREAS, on October 17, 2018, the Defendant, withdrew her not guilty plea and pleaded guilty without a written plea agreement to wire fraud (Counts 1, 3-9), financial transactions in illegal proceeds (Counts 10-13), conspiracy to impersonate a federal agent to demand money (Count 14) and obtaining confidential phone records (Count 15);

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the Superseding Indictment and the plea colloquy that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the Defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), against the Defendant, Keisha L. Williams, for $5,443,070 U.S. currency, an amount that represents illegal proceeds the Defendant obtained from the commission of wire fraud and financial transactions in illegal proceeds, in violation of 18 U.S.C. §§ 1343, and 1957, the offenses of conviction, and an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests

for production of documents and for admissions, and pursuant to Fed. R. Civ. P. 45, the issuance of subpoenas.

4    In partial satisfaction of the forfeiture money judgment, the following property is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), or 18 U.S.C. § 982(a)(1), as property constituting or derived from proceeds of wire fraud, or involved in financial transactions in illegal proceeds, or pursuant to 21 U.S.C. § 853(p), as substitute property thereof:

    a.    Approximately $11,739.07 seized from Citibank Account No. 9250636091, held in the name of Keisha Williams & Associates Consulting, LLC;

    b.    Approximately $6,722.07 seized from BB&T Account 0000256536307, held in the name of Keisha Williams & Associates Consulting, LLC;

    c.    Miscellaneous U.S. and Foreign Currency:

        (i)    $2,150 U.S. Dollars
        (ii)    5,000 French Francs:
        (iii)    10 Swiss Francs;
        (iv)    40 Euros;
        (v)    95 Canadian Dollars;
        (vi)    55 UAE Dirhams;

    d.    Burton Gift Card;

    e.    2012 Land Rover Range Rover, VIN: SALSK2D47CA753723;

    f.    Miscellaneous Watches:

        (i)    Stainless Steel Techno Marine Watch;
        (ii)    Stainless Steel Breitling Watch;
        (iii)    Montres Allison Watch;
        (iv)    Two Movado Museum Style Watches;
        (v)    Elini X11 Watch;
        (vi)    Rolex Datejust Oyster Perpetual Watch;
        (vii)    Vacheron Constantin Watch;
        (viii)    Joe Rodeo Watch;
        (ix)    Patek Philippe Watch;
        (x)    Christian Bernard Watch (back missing);
        (xi)    Hublot Big Bang Chronograph Watch; and
        (xii)    Hublot Big Bang Caviar Watch.

  g. Miscellaneous Men's and Women's Clothes, Purses and Shoes; and

  h. Glock 19 Firearm, S/N HFW348, with Magazine and 13 9mm Rounds.

  i. Bottega-Veneta leather portfolio *[handwritten]*

5. The Attorney General, Secretary of the Treasury, The Secretary of Homeland Security, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

6. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov , for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

7. This forfeiture order is final as to the Defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4)(A).

8. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

9. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

10. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Date: January 18, 2019
Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney

By: _____
Jack Hanly
Grace Hill
Assistant United States Attorneys

_____
Keisha L. Williams
Defendant

_____
Robert Lee Jenkins, Jr., Esq.
Counsel for the Defendant